MARY DENEALE, EXECUTRIX OF GEORGE DENEALE, AND NAN-
CY PATTON DENEALE, PLAINTIFFS IN ERROR v. JOHN AR-
CHER AND JOHN W. STUMP, EXECUTORS OF JOHN STUMP,
DECEASED.

The case was argued by Mr Lee, for the plaintiffs in error ;
and by Mr Coxe, for the defendants.

Mr Chief Justice MARSHALL delivered the opinion of the
Court.

This is a scire facias to revive a judgment obtained by the

executors of John Stump against George Deneale, on the 19th of December 1817, in the court of the United States for the county of Alexandria. The writ of scire facias is against the heirs and devisees of Deneale, and was issued on the 17th day of May 1828. The scire facias was returned executed on two of the defendants, the others not found. Two nihils having been returned against the defendants who were not found, an office judgment was entered against them all. At the succeeding term, Mary Deneale and Nancy P. Deneale, on whom the process had been executed, set aside the office judgment and demurred to the scire facias. The plaintiffs joined in demurrer. The same defendants farther pleaded, "that the plaintiffs ought not to have or maintain their said execution, because they say that the judgment recited in the said scire facias was rendered more than ten years next prior to the day of the date of the said scire facias." The plaintiffs reply, that after the death of the said George Deneale, the plaintiffs issued out of the circuit court of the said District of Columbia held for the county of Alexandria, a scire facias against the said Mary Deneale executrix of the said George Deneale, to show cause, if any she could, why the plaintiffs should not have execution of their judgment aforesaid of the goods and chattels which were of the said George Deneale, and which came to the hands of the said Mary Deneale to be administered. On which scire facias such proceedings were had, that by the judgment of the court it was considered that the plaintiffs should have execution of their said judgment, &c.; on which said award of execution accordingly, on the 10th day of January 1820, an execution was by the plaintiffs issued out, returnable on the fourth Monday in March 1820, and on which execution the marshal made the following return—"no property found to levy this execution upon."

To this replication the defendants demurred, and the plaintiffs joined in demurrer.

The court, overruling the demurrer, both to the scire facias and to the replication, rendered judgment in favour of the plaintiffs against all the defendants. This judgment is brought before this court by writ of error.

Although the scire facias is entirely informal, the court is not satisfied that the demurrer to it ought to be sustained, and

will therefore proceed to inquire whether the judgment be erroneous on other grounds.

A joint judgment has been rendered against those defendants who were not found, and against those who appeared and pleaded. The law of Virginia, as it stood when jurisdiction over this district was vested in congress, is the law of the courts of Alexandria.

In the Revised Code of Virginia, vol. 1, p. 500, sec. 65, it is enacted, that " on writs of scire facias for the reversal of judgments, no judgment shall be rendered on the return of two nihils, unless the defendant resides in the county, or unless he be absent from the commonwealth and have no known attorney therein. But such scire facias may be directed to the sheriff of any county in the commonwealth wherein the defendant or his attorney shall reside or be found, which being returned served, the court may proceed to judgment thereupon as if the defendant had resided in the county."

It does not appear that the defendants did reside in the county, nor does it appear that they were absent from the district. But there is great difficulty in applying this act to writs of scire facias issued in the county of Alexandria.

Without deciding whether the office judgment against the defendants, not served with process, be legal or otherwise ; the court will proceed to consider the demurrer to the plea of the act of limitations.

In the first volume of the Revised Code, p. 389, it is enacted, that "judgments in any court of record within this commonwealth where execution hath not issued, may be revived by scire facias or an action of debt, brought thereon, within ten years next after the date of such judgment, and not after."

We are not informed that any decision applicable to the question arising in this case, has ever been made in the courts of the state. We must, therefore, construe the statute without the aid such decision would afford us. It certainly does not apply to any judgment on which an execution has issued : and if the proceedings which have taken place on the judgment obtained against George Deneale in December 1817, be equivalent to an execution, the demurrer to the replication was rightly overruled.

Those proceedings are a scire facias against his executrix,

and an execution on the judgment rendered against her on that scire facias. The writ of scire facias is no more an execution than an action of debt would have been: and the execution, which was issued on the judgment against the executrix, is not an execution on the judgment against George Deneale.

It is understood to be settled in Virginia, that no judgment against the executors can bind the heirs, or in any manner affect them. It could not be given in evidence against them.

If the defence set up by the defendants in the district court had rested on the presumption of payment, the scire facias against the executor would undoubtedly have accounted for the delay, and have rebutted that presumption ; but the statute creates a positive bar to proceeding on any judgment on which execution has not issued, unless the plaintiff brings himself within one of the exceptions of the act. Proceedings against the personal representative is not one of those exceptions. We are therefore of opinion that the demurrer to the replication ought to have been sustained, and the judgment must be reversed, and the cause remanded to the circuit court for the county of Alexandria ; with directions to enter judgment on the demurrer to the replication of the plaintiffs in favour of the defendants.

This cause came on to be heard on the transcript of the record of the United States court for the District of Columbia sitting in the county of Alexandria, and was argued by counsel; on consideration whereof, this court is of opinion that there is error in the judgment rendered by the said court, in this, that the demurrer filed by the defendants in that court to the replication of the plaintiffs filed to the plea of the statute of limitations pleaded by the said defendants was overruled, whereas it ought to have been sustained. It is therefore considered by this court that the said judgment be reversed and annulled, and the cause remanded to the said court of the United States for the District of Columbia, in the county of Alexandria, with directions to enter judgment on the said demurrer to the replication of the plaintiffs, in favour of the defendants in that court.